UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS, | CASE NO. 1:10-CV-02270-OWW-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION BE DENIED (DOC. 7) |
| v. | |
| TIMOTHY LOCKWOOD, et al., | OBJECTIONS, IF ANY, DUE WITHIN EIGHTEEN (18) DAYS |
| Defendants. | |

**Findings And Recommendations**

Plaintiff Larry William Cortinas ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion requesting the return of his typewriter and supplies, filed January 4, 2011. Doc. 7. The Court construes the motion as one for preliminary injunctive relief.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374 (2008) (citations omitted). The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court

1

1  must have before it an actual case or controversy.  *City of Los Angeles v. Lyons*, 461 U.S. 95, 102
2  (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*,
3  454 U.S. 464, 471 (1982).  If the court does not have an actual case or controversy before it, it
4  has no power to hear the matter in question.  *Lyons*, 461 U.S. at 102.  Thus, "[a] federal court
5  may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter
6  jurisdiction over the claim; it may not attempt to determine the rights of persons not before the
7  court."  *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1985).

8      Here, Plaintiff contends that he is in ad-seg (administrative segregation) and is without
9  access to his typewriter and legal supplies.  Access to his typewriter and legal supplies is not an
10 actual case or controversy before the Court in this action.  *City of Los Angeles*, 461 U.S. at 102;
11 *see* Pl.'s Compl., Doc. 1.  Thus, the Court lacks jurisdiction to grant Plaintiff's motion for
12 preliminary injunctive relief.

13     Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's
14 motion, construed as a motion for preliminary injunctive relief, filed January 4, 2011, should be
15 DENIED.

16     These Findings and Recommendations are submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **eighteen (18)**
18 **days** after being served with these Findings and Recommendations, Plaintiff may file written
19 objections with the Court.  Such a document should be captioned "Objections to Magistrate
20 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
21 within the specified time may waive the right to appeal the District Court's order.  *Martinez v.*
22 *Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

23     IT IS SO ORDERED.

24     Dated:   **June 3, 2011**            **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE