1

2

3

4

5

6

7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

8  LARRY WILLIAM CORTINAS,                        CASE NO. 1:10-CV-02270-LJO-DLB PC

9                          Plaintiff,             FINDINGS AND RECOMMENDATIONS
                                                  RECOMMENDING DISMISSAL OF
10             v.                                 ACTION FOR FAILURE TO STATE A
                                                  CLAIM
11  TIMOTHY LOCKWOOD, et al.,
                                                  (DOC. 11)
12                          Defendants.
                                                  OBJECTIONS DUE WITHIN THIRTY DAYS
13  _____/

14

15                          **Findings And Recommendations**

16  I.     **Background**

17         Plaintiff Larry William Cortinas ("Plaintiff") is a prisoner in the custody of the California

18  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

19  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this

20  action by filing his complaint on December 7, 2010.  Doc. 1.  On June 3, 2011, the Court

21  screened Plaintiff's complaint.  The Court found that Plaintiff stated a cognizable claim against

22  Defendant Mora for violation of the Eighth Amendment and the Equal Protection Clause of the

23  Fourteenth Amendment, but failed to state any other claims against any other Defendants.  The

24  Court ordered Plaintiff either to file a second amended complaint or to notify the Court of his

25  willingness to proceed only on the claims found to be cognizable.  Doc. 8.  On July 7, 2011,

26  Plaintiff filed an amended complaint.  Doc. 11.

27         The Court is required to screen complaints brought by prisoners seeking relief against a

28  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

1  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

2  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

3  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

4  § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been

5  paid, the court shall dismiss the case at any time if the court determines that . . . the action or

6  appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. §

7  1915(e)(2)(B)(ii).

8          A complaint must contain "a short and plain statement of the claim showing that the

9  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing

12  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual

13  matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*,

14  550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

15  **II.      Summary of Amended Complaint**

16          Plaintiff is incarcerated at the California Substance Abuse Treatment Facility in

17  Corcoran, California.  The events giving rise to this action occurred while Plaintiff was

18  incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California.   Plaintiff names

19  as Defendants: Timothy Lockwood, chief of regulation and policy of CDCR; Scott Kernan,

20  undersecretary of operations for CDCR; James Yates, warden of PVSP; correctional officers

21  Nash, Walker, and Herrera; J. Walker, health care services chief of CDCR; correctional

22  lieutenant W. Meyers; B. Phillips, catholic chaplain at PVSP; appeals examiner D. Artis of

23  CDCR; D. Foston, chief appeals examiner of CDCR; medical custodial officer Catlett of PVSP;

24  licensed vocational nurse ("LVN") Mora; medical doctors Mardian, Rohrdanz, Brown,

25  Dudarewicz; chief medical officer Duenas; medical doctor and healthcare manager F. Igbinosa.

26  Plaintiff alleges violations of the Free Exercise Clause of the First Amendment, the Eighth

27  Amendment, and the Fourteenth Amendment.  Plaintiff requests as relief: declaratory judgment;

28  monetary damages; costs of suit; and appointment of counsel.

1    Plaintiff's amended complaint reiterates allegations of his original complaint.  Although
2    Plaintiff omitted several defendants and several causes of action, the bulk of his allegations
3    remain unchanged.

4    **A.      First Cause of Action**

5    Plaintiff is a Muslim.  On December 1, 2009, Defendants Brian Phillips denied Plaintiff's
6    request for a Halal diet.  Pl.'s Amend. Compl. 4:6-10.  On January 13, 2010, Defendants W.
7    Meyers and K. Nash denied Plaintiff's appeal.  On March 10, 2010, Defendant James Yates
8    denied Plaintiff's requested religious diet.  Plaintiff cited to a California court case, in which
9    three Muslim inmates received access to the Jewish kosher diet.  On June 16, 2010, Defendants
10   D. Artis and D. Foston denied Plaintiff's appeal at the director's level.  Plaintiff contends a
11   violation of the First Amendment, presumably the Free Exercise Clause.

12   "The right to exercise religious practices and beliefs does not terminate at the prison door.
13   The free exercise right, however, is necessarily limited by the fact of incarceration, and may be
14   curtailed in order to achieve legitimate correctional goals or to maintain prison security."
15   *McElyea v. Babbitt*, 833 F.2d 196, 197 (9th Cir. 1987) (citing *O'Lone v. Shabazz*, 482 U.S. 342
16   (1987)); *see Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Only beliefs which are both sincerely
17   held and rooted in religious beliefs trigger the Free Exercise Clause.  *Shakur v. Schriro*, 514 F.3d
18   878, 884-85 (9th Cir. 2008) (citing *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994)); *Callahan*
19   *v. Woods*, 658 F.2d 679, 683 (9th Cir. 1981)).  Under this standard, "when a prison regulation
20   impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to
21   legitimate penological interests."  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  First, "there must be
22   a valid, rational connection between the prison regulation and the legitimate government interest
23   put forward to justify it," and "the governmental objective must itself be a legitimate and neutral
24   one."  *Id.*  A second consideration is "whether there are alternative means of exercising the right
25   that remain open to prison inmates."  *Id.* at 90 (internal quotations and citation omitted).  A third
26   consideration is "the impact accommodation of the asserted right will have on guards and other
27   inmates, and on the allocation of prison resources generally."  *Id.*  "Finally, the absence of ready
28   alternatives is evidence of the reasonableness of a prison regulation."  *Id.*

1   Plaintiff incorporates his inmate appeal regarding this issue, which was filed with his

2   original complaint. Pl.'s Compl., Ex. 1, Grievance No. PVSP-09-02238. As before, Plaintiff

3   appears to contend that because other Muslim inmates in a separate action were able to

4   participate in the Jewish kosher diet, Plaintiff too should be allowed. Plaintiff's grievance was

5   denied because he provided no evidence that he could not participate in the religious diet

6   program.

7   Plaintiff again fails to state a claim for violation of the Free Exercise Clause. As with his

8   original complaint, Plaintiff fails to allege facts which indicate that he is being denied the ability

9   to practice his faith. Plaintiff requests the Jewish kosher diet, but fails to demonstrate why he

10   requires the Jewish kosher diet for his religious beliefs. Plaintiff merely asserts that the Jewish

11   kosher diet was the "closest available diet" that meets his religious needs. Plaintiff fails to

12   demonstrate why the religious diet program was insufficient for Plaintiff's religious dietary

13   needs.

14   **B.   Second Cause of Action**

15   On June 30, 2009, Defendants F. Igbinosa and Duenas refused to close PVSP to prisoner

16   intake. Pl.'s Amend. Compl. 5:8-12. Plaintiff complains that Defendants knowingly exposed

17   Plaintiff to valley fever as a result. Plaintiff had a compromised immune system and contracted

18   valley fever. Plaintiff presently also suffers from rheumatoid arthritis and was treated for

19   hepatitis C. Plaintiff contends deliberate indifference in violation of the Eighth Amendment.

20   The Eighth Amendment protects prisoners from inhumane methods of punishment and

21   from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

22   2006). Extreme deprivations are required to make out a conditions of confinement claim, and

23   only those deprivations denying the minimal civilized measure of life's necessities are

24   sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*,

25   503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of

26   the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials

27   knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511

28   U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on

1   the part of the official is not sufficient to establish liability, but rather, the official's conduct must

2   have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

3          As with his original complaint, Plaintiff fails to state a claim against Defendants Igbinosa

4   and Duenas.  Plaintiff fails to allege facts which show that Defendants Igbinosa and Duenas

5   knew of and disregarded an excessive risk to Plaintiff's health.  The mere presence of valley

6   fever at PVSP is insufficient to state a claim for deliberate indifference.  Plaintiff's contention

7   that he suffers from rheumatoid arthritis and hepatitis c, which has compromised his immune

8   system is too vague to support an Eighth Amendment claim.

9          **C.     Third Cause of Action**

10         On July 23, 2009, Plaintiff filed a CDC 602 health care appeal.  Pl.'s Amend. Compl.

11   5:25.  Plaintiff complained of pain.  Defendant Mardian refused to treat the pain.  On October 1,

12   2009, Defendant Rohrdanz falsely stated on the appeal that Plaintiff had "good upper extremity

13   and lumbar function and no distress." Defendant Rohrdanz called Plaintiff a terrorist and told

14   him to leave, without examination.  On November 30, 2009, Defendant Igbinosa agreed with

15   Defendant Rohrdanz's finding.  No examination was done.  On March 4, 2010, Defendant J.

16   Walker denied Plaintiff's grievance at the director's level.  Plaintiff contends violation of the

17   Eighth and Fourteenth Amendments.

18         The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does

19   not mandate comfortable prisons." *Farmer*, 511 U.S. at 832 (quotation and citation omitted).   A

20   prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment

21   violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure

22   of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing

23   so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Hallett v. Morgan*, 296

24   F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate indifference standard involves

25   an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

26   "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298

27   (1991)).  Second, the prison official must "know[] of and disregard[] an excessive risk to inmate

28   health or safety . . . ." *Id.* at 837.

"Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's amended complaint is nearly identical to his original complaint. Plaintiff again incorporates his inmate appeal. Pl.'s Compl., Ex. 3, PVSP-09-14089. It appears that Defendants Mordin and Rohrdanz both considered Plaintiff's requests for pain medication and denied them as not medically necessary, as Plaintiff's currently prescribed medications were deemed sufficient. This appears to be a difference of opinion between the prisoner and medical doctors regarding appropriate treatment. Differences of opinion do not rise to the level of deliberate indifference. *Toguchi*, 391 F.3d at 1058.

Plaintiff's allegation that Defendant Rohrdanz called him a terrorist, by itself, is insufficient to state a claim. If Plaintiff is alleging discrimination on the basis of religion, Plaintiff fails to state a claim. "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). A prisoner is entitled to "'a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts.'" *Shakur*, 514 F.3d at 891 (quoting *Cruz v. Beto*, 405 U.S. 319, 321-22 (1972) (per curiam)). To state a claim, a plaintiff must allege facts sufficient to support the claim that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321-22; *Shakur*, 514 F.3d at 891; *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003); *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Plaintiff fails to allege facts which demonstrate that Defendant Rohrdanz intentionally

1  discriminated against him on the basis of his religion.  Based on the submitted inmate appeal,

2  Plaintiff's medical care does not appear to have been constitutionally deficient.  Plaintiff alleges

3  at most verbal abuse by Defendant Rohrdanz.  "[V]erbal harassment or abuse . . . [alone] is not

4  sufficient to state a constitutional deprivation under 42 U.S.C. § 1983."  *Oltarzewski v. Ruggiero,*

5  *830 F.2d 136, 139 (9th Cir. 1987)* (citation and internal quotation omitted).

6        Plaintiff also fails to state a claim against Defendant Walker.  It appears that Defendant

7  Walker considered Plaintiff's inmate appeal and concluded that Plaintiff's medical care from his

8  treating physicians was adequate.  Defendant's actions during the inmate grievance process alone

9  are insufficient to state a claim.  Prisoners have no liberty interest in a specific grievance

10  procedure.  *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams,* 855

11  F.2d 639, 640 (9th Cir. 1988)).

12        **D.    Fourth Cause of Action**

13        On July 29, 2009, Defendant LVN Mora intentionally withheld Plaintiff's medication as a

14  form of punishment.  Pl.'s Amend. Compl. 6:13-24.  Plaintiff contends a violation of the Eighth

15  and Fourteenth Amendments.

16        Plaintiff states a cognizable claim against Defendant Mora for deliberate indifference in

17  violation of the Eighth Amendment.  Plaintiff also states a claim against Defendant Mora for

18  discrimination on the basis of religion in violation of the Equal Protection Clause of the

19  Fourteenth Amendment.  The Court will instruct Plaintiff on service by separate order.

20        **E.    Fifth Cause of Action**

21        Plaintiff alleges that Defendants Lockwood and Kernan failed to protect Plaintiff's health

22  by allowing him to be housed at PVSP and contract valley fever.  Pl's. Amend. Compl. 6:41-7-

23  14.  He claims that Defendants Lockwood and Kernan knew of the risk to his health.  Plaintiff

24  also alleges that Defendants Herrera and Catlett failed to protect his religious rights.  Captain

25  Herrera allegedly allowed Defendant Catlett to call Plaintiff a terrorist and interfere with his

26  medical treatment.  Defendant Herrera was repeatedly informed of Defendant Catlett's conduct,

27  but refused to take any measures to stop the conduct.  Plaintiff alleges a violation of the Eighth

28  and Fourteenth Amendments.  Plaintiff also claims a violation of the First Amendment,

1   presumably the Free Exercise Clause.

2        As with his Second Cause of Action, Plaintiff fails to state a claim against Defendants

3   Lockwood and Kernan.  Plaintiff fails to allege facts which show that Defendants Lockwood and

4   Kernan knew of and disregarded an excessive risk to Plaintiff's health.  The mere presence of

5   valley fever at PVSP is insufficient to state a claim for deliberate indifference.  In order to state a

6   claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a

7   claim that officials knew of and disregarded a substantial risk of serious harm to him.  *E.g.*,

8   *Farmer*, 511 U.S. at 837; *Frost*, 152 F.3d at 1128.

9        Plaintiff also fails to allege facts which demonstrate that Defendants Herrera and Catlett

10  intentionally discriminated against him on the basis of his religion.  Plaintiff alleges at most

11  verbal abuse by Defendant Catlett.  Verbal harassment or abuse alone is not sufficient to state a

12  constitutional deprivation under 42 U.S.C. § 1983.  *Oltarzewski*, 830 F.2d at139.

13  **I.       Linkage and Supervisory Liability**

14       Plaintiff names Defendants Walker, Brown and Dudarewicz without making any factual

15  allegations against them, which fails to state a claim.   To state a claim under § 1983, a plaintiff

16  must allege that (1) the defendant acted under color of state law and (2) the defendant deprived

17  him of rights secured by the Constitution or federal law.  *Long v. County of Los Angeles*, 442

18  F.3d 1178, 1185 (9th Cir. 2006).

19       Plaintiff also names several supervisory Defendants.  If Plaintiff is alleging liability solely

20  on the basis of these Defendants' supervisory roles, Plaintiff also fails to state a claim.  The

21  Supreme Court emphasized that the term "supervisory liability," loosely and commonly used by

22  both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949.  "Government officials

23  may not be held liable for the unconstitutional conduct of their subordinates under a theory of

24  *respondeat superior*."  *Id.* at 1948.  Rather, each government official, regardless of his or her

25  title, is only liable for his or her own misconduct.

26       When the named defendant holds a supervisor position, the causal link between the

27  defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v.*

28  *Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.

1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As with his initial complaint, Plaintiff fails to allege facts which demonstrate that any supervisory Defendants personally participated in the alleged deprivation of constitutional rights, knew of constitutional violations and failed to act, or promulgated or implemented a constitutionally deficient policy.  *Hansen*, 885 F.2d at 646; *Taylor*, 880 F.2d at 1045.

## **RECOMMENDATION**

Plaintiff's Amended Complaint appears to state causes of action for (1) deliberate indifference in violation of the Eighth Amendment against Defendant Mora; and (2) discrimination on the basis of religion in violation of the Equal Protection Clause of the Fourteenth Amendment against Defendant Mora.

However, Plaintiff's Amended Complaint fails to state claims against Defendants Lockwood, Kernan, Yates, Nash, Walker, Herrera, J. Walker, W. Myers, Phillips, Artis, Foston, Catlett, Mardian, Rohrdanz, Brown, Dudarewicz, Duenas and Igbinosa.  The Court previously provided Plaintiff with an opportunity to cure the deficiencies identified in his complaint, but Plaintiff was unable to do so.  Accordingly, further leave to amend will not be granted.  *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

Accordingly, it is HEREBY RECOMMENDED that:

1.      This action proceed against Defendant Mora on the Eighth Amendment deliberate indifference claim and the Equal Protection Clause of the Fourteenth Amendment discrimination on the basis of religion claim.

2.      Plaintiff's claims against Defendants Lockwood, Kernan, Yates, Nash, Walker, Herrera, J. Walker, W. Myers, Phillips, Artis, Foston, Catlett, Mardian, Rohrdanz,

1    Brown, Dudarewicz, Duenas and Igbinosa be DISMISSED from this action for

2    failure to state a claim.

3         These Findings and Recommendations are submitted to the Honorable Lawrence J.

4    O'Neill pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after

5    being served with these Findings and Recommendations, Plaintiff may file written objections

6    with the Court.  Such a document should be captioned "Objections to Magistrate Judge's

7    Findings and

8    Recommendations."  Plaintiff is advised that failure to file objections within the specified

9    time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153

10   (9th Cir. 1991).

11

12    IT IS SO ORDERED.

13   **Dated:    November 8, 2011           _____/s/ Dennis L. Beck_____**

14                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28