1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 EASTERN DISTRICT OF CALIFORNIA

8

9 | | |
|---|---|
| LARRY WILLIAM CORTINAS, | CASE NO. 1:10-CV-02270-LJO-DLB PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WITHIN THIRTY DAYS WHY |
| v. | DEFENDANT **MORA** SHOULD NOT BE DISMISSED FOR FAILURE TO PROVIDE |
| TIMOTHY LOCKWOOD, et al., | INFORMATION SUFFICIENT TO EFFECT SERVICE |
| Defendants. | |
| | (Doc. 20) |

10

11

12

13

14

15       Plaintiff Larry William Cortinas ("Plaintiff") is a California state prisoner proceeding pro se

16 and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is

17 proceeding on Plaintiff's first amended complaint, filed July 7, 2011. Doc. 11. On November 22,

18 2011, the Court issued an order directing the United States Marshal to initiate service of process on

19 Defendant Mora.  Doc. 17.  The Marshal was unable to locate and serve Defendant Mora and on

20 December 30, 2011, the Marshal returned the USM-285 form to the Court.  Doc. 20.

21       Pursuant to Rule 4(m),

22       If a defendant is not served within 120 days after the complaint is filed, the court -
         on motion or on its own after notice to the plaintiff - must dismiss the action without
23       prejudice against that defendant or order that service be made within a specified time.
         But if the plaintiff shows good cause for the failure, the court must extend the time
24       for service for an appropriate period.

25 Fed. R. Civ. P. 4(m).

26       In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the

27 Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro

28 se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the

1

1    summons and complaint and ... should not be penalized by having his action dismissed for failure

2    to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" *Walker*

3    *v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting *Puett v. Blandford*, 912 F.2d 270, 275 (9th

4    Cir. 1990)), *abrogated in part on other grounds*, *Sandin v. Conner*, 515 U.S. 472 (1995).  "So long

5    as the prisoner has furnished the information necessary to identify the defendant, the marshal's

6    failure to effect service is 'automatically good cause . . . .'" *Walker*, 14 F.3d at 1422 (quoting *Sellers*

7    *v. United States*, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to

8    provide the Marshal with accurate and sufficient information to effect service of the summons and

9    complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  *Id.* at 1421-

10   22.

11        In this instance, the address provided by Plaintiff for Defendant Mora is no longer accurate.

12   Doc. 27.  According to the USM-285 form returned to the Court, Defendant Mora  is no longer

13   employed at California Substance Abuse Treatment Facility.  *Id.*  The CDCR employee locator could

14   not locate Defendant Mora.  *Id.*  If Plaintiff is unable to provide the Marshal with a current address

15   or other information by which Defendant Mora can be located, the Defendant shall be dismissed

16   from the action, without prejudice.  Pursuant to Rule 4(m), the Court will provide Plaintiff with the

17   opportunity to show cause why Defendant Mora should not be dismissed from the action at this time.

18        Accordingly, based on the foregoing, it is HEREBY ORDERED that:

19   1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show

20         cause why Defendant Mora should not be dismissed from this action; and

21   2.    The failure to respond to this order or the failure to show cause will result in

22         dismissal of Defendant Mora from this action.

23   IT IS SO ORDERED.

24   Dated:    **January 9, 2012**                    **/s/ Dennis L. Beck**
                                                       UNITED STATES MAGISTRATE JUDGE

25

26

27

28

2