1

2

3

4

5

6

7 **UNITED STATES DISTRICT COURT**

8 EASTERN DISTRICT OF CALIFORNIA

9

| | |
|---|---|
| 10 LARRY WILLIAM CORTINAS, | Case No. 1:10-cv-02270-LJO-DLB PC |
| 11      Plaintiff, | **ORDER DIRECTING CLERK OF THE COURT TO ENTER DEFAULT AGAINST DEFENDANT MORA** |
| 12   v. | |
| 13 TIMOTHY LOCKWOOD, et al., | **ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT** |
| 14      Defendants. | ECF No. 27 |
| 15 | |

16

17       Plaintiff Larry Williams Cortinas ("Plaintiff") is a California state prisoner proceeding pro se

18 and in forma pauperis in this civil action filed pursuant to 42 U.S.C. § 1983.  This action is

19 proceeding against Defendant Mora for violation of the Eighth Amendment and the Equal Protection

20 Clause of the Fourteenth Amendment.  On June 14, 2012, a waiver of service was returned as to

21 Defendant Mora, with a responsive pleading deadline of May 11, 2012.  As of the date of this order,

22 Defendant has not filed a responsive pleading or otherwise responded.  On August 1, 2012, Plaintiff

23 moved for judgment against Defendant Mora.  ECF No. 27.  The Court construes the motion as a

24 request for entry of default and default judgment against Defendant Mora.  The matter is submitted

25 pursuant to Local Rule 230(l).

26       "When a party against whom a judgment for affirmative relief is sought has failed to plead or

27 otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's

28 default."  Fed. R. Civ. P. 55(a).  Here, the return of the waiver of service indicates that Defendant

1

Mora received service of the complaint, but failed to file a responsive pleading.  Defendant Mora has thus failed to plead or otherwise defend in this action.  Accordingly, the Clerk of the Court is directed to enter default against Defendant Mora.

Plaintiff also requests judgment in the amount of five-hundred dollars, and court costs.  This request is denied.  "A party seeking a default judgment must state a claim upon which it may recover."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003).  "If the Plaintiff is seeking money damages, however, the Plaintiff must 'prove-up' its damages."  *Amini Innovation Corp. v. KTY Intern. Marketing*, 768 F. Supp. 2d 1049, 1053 (C.D. Cal. 2011).  Damages are not admitted.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977).  Factors that the Court may consider in determining whether to grant or deny an application for default judgment include

> 1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.3d 1470, 1471-72 (9th Cir. 1986).  Plaintiff has made no showing regarding proof of the damages.  Accordingly, Plaintiff's motion for entry of default judgment, filed August 1, 2012, is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **November 8, 2012**              /s/ *Dennis L. Beck*
                                        UNITED STATES MAGISTRATE JUDGE