# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>      Plaintiff,<br><br>  v.<br><br>MORA,<br><br>      Defendant. | Case No. 1:10-cv-02270 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Document 30) |

Plaintiff Larry William Cortinas ("Plaintiff"), a California state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 7, 2010. Pursuant to the Court's January 6, 2012, order, the action is proceeding against Defendant Mora for violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment. All other Defendants have been dismissed.

Plaintiff filed a Motion for Default Judgment on December 28, 2012, and the matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.[1]

Defendant Mora has not appeared in this action or otherwise contacted the Court.

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b)(2) provides:

---

[1] The Motion for Default Judgment was served on Defendant Mora at Pleasant Valley State Prison.

1

>   (2)   By the Court. In all other cases, the party must apply to the court for a default judgment. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

"Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc., 722 F.2d 1319, 1323 (7th Cir. 1983); TeleVideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, Moore's Federal Practice § 55.11 (3d ed. 2000).

## II.   ALLEGATIONS IN THE FIRST AMENDED COMPLAINT

Plaintiff is a Muslim, and is currently incarcerated at Corcoran State Prison in Corcoran, California. The events giving rise to this action occurred while Plaintiff was incarcerated at Pleasant Valley State Prison ("PVSP") in Coalinga, California. Defendant Mora was a Licensed Vocational Nurse at PVSP at the time of the events in question.

Plaintiff alleges that he suffers from rheumatoid arthritis and hepatitis C. Plaintiff has also contracted Valley Fever. Compl. 5.

On July 23, 2009, Plaintiff filed a health care appeal about Dr. Maradian's refusal to treat his pain. Compl. 5. On July 29, 2009, Defendant Mora intentionally withheld Plaintiff's medication as a form of punishment. On August 25, 2009, Plaintiff filed a health care appeal alleging that Defendant Mora and PVSP medical staff were discriminating against Plaintiff by withholding pain medication because Plaintiff is a Muslim. Compl. 6.

On September 11, 2009, Defendant Mora again withheld, and then cancelled, Plaintiff's pain medication, stating, "No medication for you [sic] terrorist ass Muslim." Compl. 6. Plaintiff filed another health care appeal on September 12, 2009, alleging that Defendant Mora insulted Plaintiff again for being Muslim and then denied him his pain medication by requesting that Sergeant

2

1  Arrendondo order Plaintiff to leave the medication window. Compl. 6. Defendant Mora provided
2  narcotics to other prisoners in Plaintiff's unit. Compl. 6.

3  Plaintiff requests declaratory relief and monetary damages.

4  **III.   DISCUSSION**

5  Pursuant to the return of waiver of service filed with the Court on June 13, 2012, Defendant
6  Mora acknowledged receipt of the request for waiver of service and the complaint on May 10, 2012.
7  ECF No. 26.

8  The Clerk of Court entered default against Defendant Mora on November 9, 2012. ECF No.
9  29.

10  There is no indication that Defendant is an infant or incompetent person, or is in the military
11  service or otherwise exempted under the Servicemembers Civil Relief Act of 2003.

12  Accepting the allegations in the First Amended Complaint as true, as well as the allegations
13  made under penalty of perjury in his Declaration in Support of the Motion for Default Judgment, the
14  Court finds that Plaintiff would be entitled to relief for violations of both the Eighth Amendment and
15  Fourteenth Amendment.[2]

16  A.   Eighth Amendment

17  For claims arising out of medical care in prison, Plaintiff "must show (1) a serious medical
18  need by demonstrating that failure to treat [his] condition could result in further significant injury or
19  the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need
20  was deliberately indifferent." Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing Jett
21  v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)).

22  Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's
23  pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122
24  (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which
25  entails more than ordinary lack of due care. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012)
26  (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122. Deliberate indifference may be
27  shown "when prison officials deny, delay or intentionally interfere with medical treatment, or it may
28

---

[2] The Court did not deem a hearing under Rule 55(b)(2) necessary.

be shown by the way in which prison physicians provide medical care." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096) (internal quotation marks omitted). The needless suffering of pain may be sufficient to demonstrate further harm. Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002).

Here, Plaintiff alleges that Defendant Mora withheld pain medication as a form of punishment and on the basis of his religion. In his declaration, he states that Defendant Mora controlled Plaintiff's pain medication twice daily, five days a week, from July 29, 2009, through September 11, 2009. On July 29, 2009, she ordered Plaintiff to take a seat in the sun and heat and made him wait 2 hours and 32 minutes. After he waited, she refused to give Plaintiff his medication as punishment for Plaintiff's complaints about having to stand in line, outside, for a long time. Plaintiff used his cane to walk back to his unit in pain. He suffered morphine withdrawals after not receiving his medication. On the remaining days when Defendant Mora worked, she made Plaintiff wait until last to receive his pain medication and withheld his medication "on and off." Eventually, Nurses Griffith and Dobbens ordered Defendant Mora to give Plaintiff his pain medication in the presence of Sergeant Arrendondo. Then, on September 11, 2009, Defendant Mora told Plaintiff, "No more pain medication for you Muslim" and called him a terrorist. Pl.'s Decl. 4, ECF No. 30. She removed his medication sheet from the log and sent it to medical control, claiming that Plaintiff had transferred. This "trick" denied Plaintiff medication for an additional five days, until medical was able to straighten the matter out. Pl.'s Decl. 5, ECF No. 30.

These allegations are sufficient to demonstrate that Plaintiff would be entitled to relief under the Eighth Amendment.

B.   Equal Protection

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439, 105 S.Ct. 3249 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that Defendant intentionally discriminated against Plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Lee v. City of Los Angeles,

4

250 F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Dept. of Agriculture, 553 U.S. 591, 601-02, 128 S.Ct. 2146 (2008); Village of Willowbrook v. Olech; 528 U.S. 562, 564, 120 S.Ct. 1073 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008); North Pacifica LLC v. City of Pacifica, 526 F.3d 478, 486 (9th Cir. 2008).

Plaintiff's allegations that Defendant Mora denied him his pain medications because he was a Muslim, set forth in more detail above, are sufficient to demonstrate that he would be entitled to relief under the Fourteenth Amendment.

C. Damages

Plaintiff alleges that for a period of approximately six weeks, Defendant Mora denied him his pain medication "off and on" as a form of punishment and because he was Muslim. On July 29, 2009, after Defendant Mora did not give him his pain medication, he used his cane and walked back to his unit in pain. Pl.'s Decl. 3, ECF No. 30. He also suffered from morphine withdrawals.

Plaintiff requests $25,000.00 in damages. However, the Court finds that an award of $2,500.00 is appropriate. The award of nominal damages in section 1983 cases is mandatory as "symbolic vindication" of a plaintiff's constitutional rights, whether or not he has been physically injured. Schneider v. County of San Diego, 285 F.3d 784, 794 (9th Cir. 2002). "[N]ominal damages must be awarded if a plaintiff proves a violation of his constitutional rights." Estate of Macias v. Ihde, 219 F.3d 1018, 1028 (9th Cir. 2000).

## IV. FINDINGS AND RECOMMENDATIONS

Based on the above, the Court RECOMMENDS that judgment be entered in this action against Defendant Mora and in favor of Plaintiff, and RECOMMENDS that damages in the total amount $2,500.00 awarded.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. ' 631(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with these Findings and Recommendations, a party may file written objections with the Court. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

    Dated:   **July 22, 2013**                 /s/ *Dennis L. Beck*
                                                   UNITED STATES MAGISTRATE JUDGE