# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY CORTINAS,<br><br>            Plaintiff,<br><br>    v.<br><br>MORA,<br><br>            Defendant. | Case No. 1:10-cv-02270 LJO DLB PC<br><br>FINDINGS AND RECOMMENDATION REGARDING DEFENDANT MORA'S MOTION TO SET ASIDE DEFAULT JUDGMENT<br><br>[ECF No. 34] |

Plaintiff Larry William Cortinas ("Plaintiff"), a California state prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to 42 U.S.C. § 1983 on December 7, 2010. On January 6, 2012, the Court dismissed all defendants except Defendant Mora, and ordered the action to proceed against Defendant Mora for violation of the Eighth Amendment and the Equal Protection Clause of the Fourteenth Amendment.

On August 1, 2012, Plaintiff moved for summary judgment. On November 9, 2012, the Court construed the motion for summary judgment as a request for entry of default, and ordered default entered as to Defendant Mora. The Clerk of Court entered default on the same date.

On December 28, 2012, Plaintiff filed a motion for default judgment. On July 24, 2013, the undersigned issued Findings and Recommendations which recommended that Plaintiff's motion for default judgment be granted, and Plaintiff be awarded $2,500.00 in damages. On August 29, 2013, the District Court adopted the Findings and Recommendations and entered default judgment against

1

Defendant Mora. Plaintiff was awarded $2,500.00 in compensatory damages.

On April 2, 2014, Defendant Mora filed a motion to set aside the default judgment pursuant to Fed. R. Civ. P. 60(b)(1) on the grounds that judgment was entered due to Defendant Mora's mistake, inadvertence, or excusable neglect, and that Defendant Mora has a meritorious defense to Plaintiff's claims. On April 14, 2014, and April 21, 2014, Plaintiff filed oppositions to the motion. On April 22, 2014, and April 29, 2014, Defendant Mora filed replies to the oppositions. The matter is deemed submitted pursuant to Local Rule 230(l).

**DISCUSSION**

"Once default judgment has been entered, relief is governed by Rule 60(b)." Brandt v. Am. Bankers Ins. Co. of Florida, 653 F.3d 1108, 1111 (9th Cir. 2011). Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed.R.Civ.P. 60(b). Where, as here, a defendant seeks relief under Rule 60(b)(1) based upon "excusable neglect," the court's discretion is guided by three factors referred to as the "Falk factors":

> (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.

Brandt, 653 F.3d at 1111 (citing Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). "The determination of what conduct constitutes 'excusable neglect' under Rule 60(b)(1) and similar rules 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" Id. (quoting Pioneer Inv. Svcs. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380, 395 (1993). As a general matter, Rule 60(b) is "remedial in nature and . . . must be liberally applied." Falk, 739 F.2d 461, 463 (9th Cir.1984) (per curiam). The Ninth Circuit has emphasized that default judgments are "appropriate only in extreme circumstances; a case should, whenever possible, be

2

decided on the merits." Id. "Put another way, where there has been no merits decision, appropriate exercise of district court discretion under Rule 60(b) requires that the finality interest should give way fairly readily, to further the competing interest in reaching the merits of a dispute. TCI Grp. Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (May 9, 2001).

A.      Culpable Conduct

"[A] defendant's conduct is culpable if he [or she] has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988). The term "intentional" in this application means "willful, deliberate, or evidence of bad faith." American Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). "Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases . . . ." Knoebber, 244 F.3d at 697; see also Bateman v. United States Postal Service, 231 F.3d 1220 (9th Cir. 2000).

In this case, Defendant Mora concedes she received the Summons and Amended Complaint in this case from the U.S. Marshal in 2012 after she had separated from CDCR. Velasquez[1] Decl., ¶ 7. She states she was advised by the CDCR Director of Nursing to sign the Waiver of Service form and that she would receive further instructions concerning the matter. Id. Defendant Mora states she was not contacted thereafter concerning the matter, so she attempted to contact the Litigation Coordinator at PVSP; however, she states her calls to the Coordinator were never returned. Id. ¶¶ 8, 9. Defendant Mora states she noticed that on the lawsuit several defendants were named including physicians and the Warden of PVSP. Id., ¶ 10. She states that based on her prior training, she assumed that since the Warden was involved in the litigation, the Litigation Coordinator had been notified of the suit and would take steps to defend her in the case, along with the other defendants. Id. Defendant Mora states she had separated from CDCR at the time Plaintiff requested default judgment, and she did not receive a copy of the Request for Entry of Default or of the Motion for

---

[1] Defendant Mora has since married. Her married name is Velasquez.

3

Default Judgment in this case. Id., ¶¶ 11, 12. She states she first learned a default judgment had been entered against her on March 12, 2014, when she was contacted by a Special Investigator from CDCR. Id., ¶ 13. She then immediately requested that CDCR appoint counsel on her behalf so she could defend against Plaintiff's claims.

In his opposition, Plaintiff attempts to attack the veracity of Defendant Mora's declarations by noting that Mora failed to submit telephone records demonstrating she had placed calls to the Litigation Coordinator, or any logs maintained by the CDCR reflecting voicemails or calls made by or to Defendant Mora. However, Defendant Mora states she attempted to obtain telephone records of her cell phone calls, but due to the fact she was on a pre-paid monthly plan with T-Mobile at that time, no such records were available. Velasquez Supp. Decl., ¶¶ 2-6. As to logs maintained by he CDCR, the Litigation Coordinator at PVSP does not log every phone message, phone call, or correspondence received. Herrera Decl., ¶ 2. In addition, the Litigation Coordinator cannot verify whether a specific voice mail was received or phone call was returned. Id.

Based on the foregoing, there is no evidence that Defendant Mora acted in bad faith and intentionally attempted to thwart or manipulate the legal process. At most, her actions constitute excusable neglect.

B.   Meritorious Defense

Defendant Mora claims she has a meritorious defense to Plaintiff's allegations. Plaintiff claims Mora withheld medication because he was a Muslim. Mora contends she was unaware that Plaintiff was a Muslim. Velasquez Decl., ¶ 5. Further, Mora states she never denied medication that had been prescribed to Plaintiff, and she never made Plaintiff wait for medication that he had been prescribed. Velasquez Decl., ¶ 4. Mora states she recalled denying Plaintiff's request for Morphine on one occasion, but this was because Plaintiff's physician had discontinued the prescription. Velasquez Decl., ¶ 6. Under these facts, Defendant Mora would not be liable for violation of the Eighth or Fourteenth Amendments. Therefore, Defendant Mora has a meritorious defense.

C.   Prejudice

The Court finds Plaintiff will not be unfairly prejudiced by setting aside the default judgment. Plaintiff will have to prove his case on the merits, and therefore is in the same position he

4

was in prior to entry of default.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Defendant Mora's motion to set aside the default judgment be GRANTED, and Defendant Mora be DIRECTED to file an answer to the First Amended Complaint.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after date of service of these Findings and Recommendations, the parties may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **January 16, 2015**                           /s/ Dennis L. Beck
                                                                  UNITED STATES MAGISTRATE JUDGE